UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br>200 Park Avenue,<br>New York, New York 10166<br><br>        Plaintiff,<br><br>vs.<br><br>GAIL FELICIA THROWER-CLARKE,<br>729 Park Road NW<br>Washington, D.C. 20010<br><br>        Defendant. | Civil Action No.: |

## **COMPLAINT**

Plaintiff METROPOLITAN LIFE INSURANCE COMPANY, through its undersigned attorneys, as and for its Complaint against Defendant, GAIL FELICIA THROWER-CLARKE, herein, alleges:

### **Parties**

1. Plaintiff Metropolitan Life Insurance Company ("MetLife") is an insurance company organized and existing under the laws of the State of New York with its principal place of business in New York.

2. Upon information and belief, Gail Felicia Thrower-Clarke ("Defendant") is an individual residing in Washington, D.C. with a mailing address of 729 Park Road NW, Washington, D.C. 20010.

**Jurisdiction and Venue**

3. In this action, Plaintiff MetLife seeks to recover funds that were inadvertently paid by MetLife to Defendant pursuant to her claim for life insurance proceeds under the Federal Employees' Group Life Insurance Act ("FEGLIA"), 5 U.S.C. § 8701-8716, a federal statute.

4. Pursuant to 5 U.S.C. § 8715, the District Courts of the United States have original jurisdiction, concurrent with the United States Court of Federal Claims, of civil actions or claims founded upon this chapter. Therefore, the United States District Court for the District of Columbia has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 8715.

5. Defendant is a resident of Washington, D.C.. Accordingly, venue is proper in the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1391.

**Background**

6. In 1954, Congress enacted FEGLIA "to provide low-cost group life insurance to Federal employees." H.R. Rep. No. 2579 at 1 (1954), reprinted in 1954 U.S.C.C.A.N. 3052.

7. Federal law authorized the establishment of the Employees' Life Insurance Fund of the Treasury of the United States of America into which employer and employee premiums for the cost of FEGLI insurance ("FEGLI Proceeds") are deposited.

8. Payments of FEGLI Proceeds result in withdrawal of funds from the United States Treasury.

9. Pursuant to the Appropriations Clause of the Constitution of the United States of America, payments of money resulting in withdrawals from the United States Treasury must be authorized by federal statute. *Office of Personnel Management v. Richmond*, 110 S. Ct. 2465, *reh'g denied*, 111 S. Ct. 5 (1990).

10. Pursuant to 5 U.S.C. §§ 8709–8716, the United State Office of Personnel Management ("OPM") is authorized, under 5 U.S.C. §§ 8709–8716, to "prescribe regulations necessary to carry out FEGLIA's purposes."

11. FEGLIA, and the associated federal regulations at 5 C.F.R. Part 870, require OPM to contract with a private insurance company to administer the processing of FEGLI claims pursuant to applicable federal law. Pursuant to FEGLIA 5 U.S.C. § 8709, Plaintiff MetLife issued MetLife's Group Policy No. 17000-G, known as the Federal Employees Group Life Insurance Policy (the "FEGLI Policy"), to OPM.

12. MetLife is required to make payment of FEGLI Proceeds upon establishment of a valid claim to the proper beneficiary and/or beneficiaries pursuant to FEGLIA, 5 U.S.C. § 8701-8716.

13. The Office of Federal Employees Group Life Insurance ("OFEGLI") (hereinafter "MetLife") is the administrative unit of Plaintiff MetLife charged with the responsibility of administering all FEGLI claims pursuant to FEGLIA, 5 U.S.C. § 8701-8716.

14. The business of the FEGLI Program, up to the point of the death of covered employees or retirees, is conducted by the Agencies of the United States of America.

15. The responsibilities of the Federal Agencies (including OPM for retirees) with regard to the FEGLI program include collecting shares of the cost of the FEGLI coverage through deductions from the salaries of federal employees and the annuity benefits of federal retirees. It is the responsibility of the Federal Agencies to receive and process requests for changes in beneficiary designations from federal employees and retirees and to submit beneficiary designations to MetLife upon the federal employee's death.

**Statement of Facts**

16. Cedric Clarke (the "Decedent") was a covered individual under the FEGLI Policy through his employment with the Federal government.

17. On or about November 1, 2015, the Decedent died.

18. On or about December 7, 2015, Defendant asserted a claim to the FEGLI Proceeds payable upon the death of the Decedent.

19. Based on a Designation of Beneficiary form dated July 3, 2006, Defendant was understood to be named beneficiary of 50% of the FEGLI proceeds upon the death of the Decedent.

20. On or about January 21, 2016, Defendant was paid $26,028.85. This amount represented $26,000 in Basic Life insurance plus delayed settlement interest of $28.85. This represented 50% of the FEGLI proceeds that became payable upon Decedent's death.

21. After payment to Defendant of 50% of the FEGLI Proceeds, it was determined by OPM that a Designation of Beneficiary form dated January 13, 2010 had been submitted prior to the Decedent's death. Execution of the January 13, 2010 Designation of Beneficiary form cancelled any and all previous Designations of Beneficiary. In the January 13, 2010 Designation of Beneficiary form, the Decedent named another party as the full beneficiary of the FEGLI proceeds.

22. Because Defendant was not entitled to any FEGLI proceeds, an overpayment occurred in the amount of $26,028.85.

23. FEGLIA mandates that life insurance benefits shall be paid to the beneficiary or beneficiaries named by the decedent in a beneficiary designation that meets the requirement of 5 U.S.C. § 8705(a). Defendant was overpaid FEGLI Proceeds in an amount totaling $26,028.85.

24. On or about February 9, 2016, MetLife advised Defendant that she was not entitled to receive, nor retain, any of the FEGLI Proceeds. MetLife requested that Defendant reimburse MetLife $26,028.85.

25. By letter dated May 6, 2016 through counsel, MetLife further advised Defendant, in writing, that she was not entitled to receive, nor retain, the FEGLI Proceeds. Again, MetLife requested that Defendant reimburse MetLife for $26,028.85.

26. By letter dated May 27, 2016, through counsel, MetLife requested that Defendant reimburse MetLife for $26,028.85 and advised her that if payment was not received within ten days of the letter, MetLife might be forced to resort to taking legal action.

27. Despite repeated attempts in writing and by telephone, Defendant willfully and intentionally failed to reimburse MetLife for the FEGLI Proceeds inadvertently paid to her.

## COUNT I
**(Violation of FEGLIA, 5 U.S.C. § 8701-8716)**

28. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 27 as if set forth fully herein.

29. Based on a Designation of Beneficiary form dated July 3, 2006, Defendant was believed to be owed 50% of the FEGLI proceeds upon the death of the Decedent.

30. On or about January 21, 2016, Defendant was paid $26,028.85. This amount represented $26,000 in Basic Life insurance plus delayed settlement interest of $28.85. This represented 50% of the FEGLI proceeds that became payable upon Decedent's death.

31. After payment to Defendant of 50% of the FEGLI Proceeds, it was determined by OPM that a Designation of Beneficiary form dated January 13, 2010 had been submitted prior to the Decedent's death. Execution of the January 13, 2010 Designation of Beneficiary form cancelled and all previous Designations of Beneficiary. In the January 13, 2010 Designation of Beneficiary form, the Decedent named another party as the full beneficiary of the FEGLI proceeds.

32. Pursuant to 5 U.S.C. § 8705, FEGLIA mandates that FEGLI Proceeds shall be paid to the beneficiary or beneficiaries named by the insured upon the establishment of a valid claim.

33. Defendant was not the lawfully designated beneficiary of the Decedent's coverage under the FEGLI Policy and thus was not entitled to receive any of the FEGLI Proceeds.

34. Defendant received FEGLI Proceeds to which she was not entitled in the amount of $26,028.85.

35. On or about February 9, 2016, MetLife advised Defendant of the overpayment and requested that she reimburse MetLife 100% of the FEGLI Proceeds inadvertently paid to her.

36. Defendant's acceptance of the FEGLI Proceeds and refusal to return them to MetLife constitutes a violation of 5 U.S.C. § 8701-8716.

37. As a direct and proximate result of Defendant's violation, MetLife is entitled to recoupment of the payment made to Defendant in an amount to be determined at trial but in no event less than $26,028.85, plus applicable interest, costs, and reasonable attorney's fees.

## COUNT II
### (Unjust Enrichment)

38. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 37 as if set forth fully herein.

39. On or about January 21, 2016, Defendant was inadvertently paid 50% of the FEGLI Proceeds, amounting to an overpayment of $26,028.85.

40. Defendant was not the lawfully designated beneficiary of Decedent's coverage under the FEGLI Policy and thus was not entitled to receive any FEGLI Proceeds.

41. On or about February 9, 2016, MetLife advised Defendant of the overpayment and requested that Defendant reimburse MetLife $26,028.85, which sum represents 100% of the FEGLI Proceeds inadvertently overpaid to her.

42. Under the Appropriations Clause (Article I, Section 9) of the United States Constitution, only Congress has the power to authorize disbursement of funds pursuant to FEGLIA. Defendant has no lawful claim to these FEGLI Proceeds because the Designation of Beneficiary form filed on January 13, 2010 names another party as the sole beneficiary to these FEGLI Proceeds.

43. Despite due demand, and in breach of FEGLIA, Defendant has failed and refused to reimburse MetLife for the FEGLI Proceeds inadvertently paid to her.

44. By receipt of the FEGLI Proceeds and as a result of Defendant's failure to reimburse MetLife for the monies paid, Defendant has been unjustly enriched in the amount of $26,028.85.

45. As a direct and proximate result of Defendant's wrongful conduct, MetLife is entitled to recoupment of the overpayment in an amount to be determined at trial but in no event less than

$26,028.85, plus applicable interest, attorneys' fees and costs of this action in order to recover the overpayment.

### COUNT III
### (Conversion)

46. MetLife repeats and realleges the allegations set forth in paragraphs 1 through 45 as if set forth fully herein.

47. Defendant received funds to which she was not entitled.

48. After MetLife discovered that the FEGLI Proceeds were inadvertently overpaid to Defendant, MetLife informed Gail Felicia Clarke of the overpayment and requested Gail Felicia Clarke to repay the money.

49. Despite due demand, Defendant has, upon information and belief, willfully, intentionally, unconditionally and without authority refused to reimburse MetLife for the FEGLI Proceeds.

50. Defendant has thereby interfered with MetLife's right of possession and/or wrongfully detained, used or disposed of the funds. Accordingly, Defendant has converted $26,028.85 for her own pecuniary gain to the detriment of MetLife.

51. As a direct and proximate result of Defendant's wrongful conduct, MetLife is entitled to recoupment of the overpayment in an amount to be determined at trial but in no event less than $26,028.85 plus applicable interest, attorneys' fees and costs of this action in order to recover the overpayment.

**WHEREFORE**, as to Counts I, II and III, MetLife demands judgment against Defendant Gail Felicia Thrower-Clarke (i) in the amount of $26,028.85, plus interest; (ii) awarding MetLife the costs and disbursements of this action, including reasonable attorneys' fees; and (iii) granting MetLife such further relief as the Court deems just and proper.

Dated: November 28, 2017

BY: /s/ *Michael A. Brown*
Michael A. Brown, Bar No.434094
Jermaine D. Haughton (*Pro Hac Pending*)
Miles & Stockbridge, P.C.
100 Light Street
Baltimore, MD 21202-1487
Phone: (410) 385-3762
mbrown@milesstockbridge.com

*Attorneys for Plaintiff Metropolitan
Life Insurance Company*