**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, ) ) ) ) Plaintiff, ) ) v. ) ) GAIL FELICIA THROWER-CLARKE, ) ) Defendant. ) ) | No. 1:17-cv-2552 (KBJ) |

## MEMORANDUM OPINION ADOPTING
## REPORT & RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Metropolitan Life Insurance Company ("MetLife" or "Plaintiff") has filed the instant action against Gail Felicia Thrower-Clarke ("Thrower-Clarke" or "Defendant") to recover $26,028.85 that MetLife inadvertently paid to Thrower-Clarke pursuant to a claim for life insurance proceeds. (*See* Compl., ECF No. 1 ¶¶ 3, 20.) MetLife filed the instant lawsuit on November 28, 2017, claiming violations of the Federal Employees' Group Life Insurance Act ("FEGLIA"), 5 U.S.C. §§ 8701–8716, unjust enrichment, and conversion. (*See id.* ¶¶ 36, 44, 50.) MetLife served Thrower-Clarke on February 24, 2018 (*see* Aff. Of Service, ECF No. 7), and after Thrower-Clarke failed to file a timely answer, MetLife requested an entry of default (*see* Aff. For Default, ECF No. 8), which the Clerk entered on April 18, 2018 (*see* Entry of Default, ECF No. 10).

Before this Court at present is the subsequent motion for entry of default judgment that MetLife filed on May 3, 2018. (*See* Pl.'s Mot. for Default J. ("Pl.'s Mot."), ECF No. 14.) This Court referred Met Life's motion to a magistrate judge for

full case management (*see* Minute Order of May 10, 2018; Minute Entry of May 10, 2018), and the matter was assigned to Magistrate Judge Harvey.

On July 24, 2018, Magistrate Judge Harvey filed a comprehensive Report and Recommendation ("R&R") with respect to MetLife's motion for default judgment. (*See* R. & R., ECF No. 18.)[1] The R&R reflects Magistrate Judge Harvey's opinion that MetLife's motion for default judgment against Thrower-Clarke should be granted, and that default judgment should be entered against Defendant in the amount of $26,628.85 (an amount that reflects the insurance proceeds Thrower-Clarke received as well as an additional $600 to cover court fees and the cost of serving the complaint). (*See* R. & R. at 7; *see id.* at 6.)[2] Specifically, Magistrate Judge Harvey concludes that the instant circumstances satisfy the default judgment standard, because Thrower-Clarke had failed to respond to MetLife's complaint, to the Clerk's entry of default, or to MetLife's motion for a default judgment. (*See id.* at 5.) With respect to the measure of monetary damages, the R&R recommends that the Court credit the allegations in MetLife's complaint, which "are well-pled and undisputed[,]" and "which establish that [Thrower-Clarke's] retention of the insurance proceeds [in the amount of $26,028.85] render her liable for unjust enrichment and conversion[.]" (*Id.* at 6.)

In addition to articulating these conclusions, the R&R also informs the parties that either party may file written objections, and advises that the "failure to file timely objections to the findings and recommendations set forth in this report may waive [the party's] right of appeal from an order of the District Court that adopts such findings and

---

[1] The Report and Recommendation is attached hereto as Appendix A.
[2] Page numbers herein refer to those that the Court's electronic case filing system automatically assigns.

2

recommendations." (*Id.* at 7 (citing *Thomas v. Arn*, 474 U.S. 140, 154 (1985)).) Under this Court's local rules, any party who objects to a report and recommendation of a Magistrate Judge must file a written objection with the Clerk of the Court within 14 days of the party's receipt of the report, and any such written objection must specify the portions of the findings and recommendations to which each objection is made and the basis for each such objection. *See* LCvR 73.2(b). As of the date of the instant Memorandum Opinion—nearly three months after the R & R at issue here was issued—Thrower-Clarke has not filed any such objection.

This Court has reviewed Magistrate Judge Harvey's R&R and agrees with its careful and thorough analysis and conclusions. In particular, the Court agrees that MetLife's allegations and supporting evidence establish that Thrower-Clarke cashed a check for insurance proceeds that MetLife had inadvertently disbursed to her in the amount of $26,028.85, and that she improperly retained those funds; this conduct is sufficient to render Thrower-Clarke liable for unjust enrichment and conversion. (*See id.* at 6.) As a result, a default judgment against Thrower-Clarke in the amount of the converted sum—$26,028.85—plus court costs ($600) is appropriate. (*See id.* at 7.) The Court further concurs with Magistrate Judge Harvey's conclusion that, although MetLife's complaint requests attorney's fees and interest, MetLife appears to have relinquished any claim with respect to such damages, since it failed to make any such request in its motion for default judgment, and has not "demonstrated its entitlement to either fees or interest[.]" (*Id.* at 6.)

In sum, in the absence of any timely-filed objection, and after conducting its own review of this matter, this Court accepts Magistrate Judge Harvey's analysis of the

record evidence in full, and **ADOPTS** the Report and Recommendation in its entirety. Accordingly, Plaintiff's [14] Motion for Default Judgment will be **GRANTED**, and default judgment will be entered against Defendant in the amount of $26,628.85.

A separate Order accompanies this Memorandum Opinion.

DATE:  October 22, 2018

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **METROPOLITAN LIFE INSURANCE COMPANY** | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:17-cv-02552 (KBJ/GMH) |
| **GAIL FELICIA THROWER-CLARKE** | ) ) ) ) | |
| Defendant. | ) ) | |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned for a Report and Recommendation on Metropolitan Life Insurance Company's ("MetLife's" or "Plaintiff's") motion for default judgment. [Dkt. 14]. In this case, Plaintiff seeks to recover from Gail Felicia Thrower-Clarke ("Defendant") funds that Plaintiff inadvertently paid to Defendant pursuant to her claim for life insurance proceeds under the Federal Employees' Group Life Insurance Act ("FEGLIA"), 5 U.S.C. §§ 8701–8716, [Dkt. 1, ¶ 3]. Upon consideration of Plaintiff's complaint, motion for default judgment, and the supporting affidavits and documentary evidence, the undersigned **RECOMMENDS** that Plaintiff's motion for default judgment be **GRANTED**, and that judgment be entered against Defendant in the amount of $26,628.85—the amount Plaintiff inadvertently paid Defendant plus $600 in court costs.

### I. BACKGROUND

According to the facts alleged in the Complaint and Defendant's motion for default judgment, Cedric Clarke, a federal employee covered under an insurance policy pursuant to

FEGLIA, passed away on or about November 1, 2015. [Dkt. 1, ¶¶ 16–17; Dkt. 17-1, Ex. 1, Liddy Aff., ¶¶ 5(a), (c)]. On or about December 7, 2015, Defendant asserted a claim to the insurance proceeds payable upon Cedric Clarke's death. [Dkt. 1, ¶ 18; Dkt. 17-1, Ex. 1, Liddy Aff., ¶ 5(f)]. According to a Designation of Beneficiary form dated July 3, 2006, Defendant appeared to be the named beneficiary of 50% of Cedric Clarke's FEGLIA insurance proceeds upon his death. [Dkt. 1, ¶ 19; Dkt. 17-1, Ex. 1, Liddy Aff., ¶¶ 5(b), (d); Dkt. 17-1, Ex. A]. The total amount of proceeds payable under Cedric Clarke's insurance policy was $52,000. [Dkt. 17-1, Ex. 1, Liddy Aff., ¶ 5(e)]. Therefore, on or about January 21, 2016, Defendant was paid $26,000 (50% of $52,000) plus delayed settlement interest of $28.85 for a total of $26,028.85. [Dkt. 1, ¶ 10; Dkt. 17-1, Ex. 1, Liddy Aff., ¶ 5(f)].

After payment was made, however, MetLife received a copy of a January 13, 2010 Designation of Beneficiary form executed by Cedric Clarke from the Office of Personnel Management ("OPM"), in which he had named an individual other than Defendant to receive 100% of his FEGLIA insurance proceeds upon his death. [Dkt. 1, ¶ 21; Dkt. 17-1, Ex. 1, Liddy Aff., ¶ 5(g); Dkt. 17-1, Ex. B]. This Designation of Beneficiary form cancelled all previous beneficiary designations. *Id.* Based on that form, Plaintiff determined that Defendant was not entitled to receive Cedric Clarke's FEGLIA insurance proceeds and was inadvertently paid the $26,028.85. [Dkt. 1, ¶ 22; Dkt. 17-1, Ex. 1, Liddy Aff., ¶¶ 5(h), 6].

On or about February 9, 2016, MetLife advised Defendant in writing of the error and requested the return of the insurance proceeds. [Dkt. 1, ¶ 24; Dkt. 17-1, Ex. 1, Liddy Aff., ¶ 7]. MetLife requested the return of the proceeds two more times by letter in May 2016. [Dkt. 1, ¶¶ 25–26]. However, Defendant has not reimbursed the proceeds to MetLife, or responded to the letters. [Dkt. 1, ¶ 27; Dkt. 17-1, Ex. 1, Liddy Aff., ¶ 7].

MetLife filed this lawsuit against Defendant, a resident of Washington, D.C., on November 28, 2017, for violations of the FEGLIA, unjust enrichment, and conversion. [Dkt. 1, ¶¶ 36, 44, 50; Dkt. 17-1, Ex. 1, Liddy Aff., ¶ 3]. On February 24, 2018, personal service was made upon Defendant. [Dkt. 7-1 at 1; Dkt. 17-1, Ex. 1, Liddy Aff., ¶ 3]. When Defendant failed to file an answer within the time allotted by Federal Rule of Civil Procedure 12(a)(1)(A), Plaintiff requested an entry of Default. [Dkt. 8]. Accordingly, on April 18, 2018, the Clerk entered default against Defendant per MetLife's request, and mailed a copy of the entry of default to Defendant. [Dkt. 8; Dkt. 10; Dkt. 17-1, Ex. 1, Liddy Aff., ¶ 3]. Thereafter, on May 3, 2018, Plaintiff filed the instant motion for entry of default judgment. [Dkt. 14]. Finding Plaintiff's submissions in support of the motions insufficient to satisfy Plaintiff's burden to demonstrate its entitlement to the amount of monetary damages requested, the undersigned issued a show cause order on June 11, 2018, to which Plaintiff satisfactorily responded with additional affidavits and evidence. [Dkt. 15; Dkt. 17].

## II. LEGAL STANDARD

A default judgment is normally available, where "the adversary process has been halted because of an essentially unresponsive party." *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980) (quoting *H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)). Obtaining a default judgment requires two steps. *Lanny J. Davis & Assocs. LLC v. Republic of Equatorial Guinea*, 962 F. Supp. 2d 152, 161 (D.D.C. 2013). First, the plaintiff must request that the Clerk of the Court enter default against a party who has "failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Second, the plaintiff must move for entry of a default judgment. *Id.* 55(b). "Default establishes the defaulting party's liability for the well-pleaded allegations of the complaint." *Boland v. Elite Terrazzo Flooring, Inc.*, 763 F. Supp. 2d 64, 67 (D.D.C. 2011). "Put another way, the clerk's entry of default alone is enough to establish the

defendant's liability, but the court still retains discretion to determine whether default judgment is appropriate." *Boland v. Providence Constr. Corp.*, 304 F.R.D. 31, 35 (D.D.C. 2014). However, "unless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded." *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001). While demanding default judgment for the amount of a check wrongfully converted is considered a sum certain under Rule 55(b)(1), *see Thorpe v. Thorpe*, 364 F.2d 692, 693–94 (D.C. Cir. 1966), the plaintiff still "must prove its entitlement to the amount of monetary damages requested." *GAG Enterprises, Inc. v. Rayford*, 312 F.R.D. 230, 234 (D.D.C. 2015).

The court may conduct a hearing regarding the scope of damages, Fed. R. Civ. P. 55(b)(2), but is not required to do so if the affidavits and evidence supporting the motion are sufficiently detailed. *Buckley v. Paperboy Ventures*, LLC, 869 F. Supp. 2d 9, 11 (D.D.C. 2012); *see also Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co*., 239 F. Supp. 2d 26, 30 (D.D.C. 2002) (observing that an evidentiary hearing may not be necessary if damages can "be calculated with relative simplicity"). No hearing is necessary in this case. Upon an order to show cause, Defendants supplied sufficient "detailed affidavits [and] documentary evidence" to allow the undersigned to independently assess "the appropriate sum for the default judgment." *Flynn v. Mastro Masonry Contractors*, 237 F. Supp. 2d 66, 69 (D.D.C.2002) (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)). Specifically, MetLife has filed an affidavit from its Director of Operations, David Liddy, and its attorney Matthew T. Wagman, copies of the relevant designation of beneficiary forms, and a bill of costs, substantiating its claim for damages in the amounts of $26,628.25.

## III. DISCUSSION

As a threshold matter, the procedural posture of a default does not relieve a federal court of its "affirmative obligation" to determine whether it has subject-matter jurisdiction over the action. *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1092 (D.C. Cir. 1996). Here, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff seeks to recover funds disbursed under the FEGLIA—a federal statute. Further, section 8715 of FEGLIA grants district courts of the United States original jurisdiction over civil actions founded on the statute, as is the case here. 5 U.S.C. § 8715. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1), which provides that "[a] civil action may be brought in . . . a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." Again, Defendant is a resident of Washington, D.C. [Dkt. 1]. Finally, service of process was properly effected on Defendant on February 24, 2018, when a private process server delivered copies of the summons and complaint to Defendant personally at her residence in Washington, D.C. Fed. R. Civ. P. 4(e)(2); [Dkt. 7]. To date, Defendant has not entered an appearance or otherwise sought to defend this action.

Where, as here, "there is a complete absence of any request to set aside the default by the defendant [or] that it has a meritorious defense, it is clear that the standard for default judgment has been satisfied." *Boland*, 304 F.R.D. at 36 (quoting *Fanning v. Permanent Sol. Indus., Inc.*, 257 F.R.D. 4, 7 (D.D.C. 2009)). In this case, Defendant has failed to respond to the complaint, Plaintiff's affidavit for default, the Clerk Office's entry of default, or to Plaintiff's motion for default judgment. Accordingly, the undersigned recommends that default judgment be entered against Defendant. *Id.* Further, the undersigned recommends this Court accept the factual

5

allegations in the complaint—which are well-pled and undisputed—as true. *Flynn v. Jocanz, Inc.*, 480 F. Supp. 2d 218, 220 (D.D.C. 2007). Those allegations establish that Defendant's retention of the insurance proceeds render her liable for unjust enrichment and conversion when she failed to return the inadvertently paid life insurance proceeds.[1] [Dkt. 1, ¶¶ 38, 46].

Turning to the measure of damages, Plaintiff's motion for default judgment seeks judgment in the amount of $26,028.85—the value of the check for insurance proceeds cashed by Defendant—plus court costs in the amount of $600. [Dkt. 14, Wagman Aff., ¶ 7; Dkt. 14, Ex. A]. Defendant is liable for the amount of the check that was inadvertently paid to her of $26,028.25, [Dkt. 17-1, Ex. 1, Liddy Aff., ¶ 5(f)]; *see Thorpe*, 364 F.2d at 693–94 (holding the Clerk of the Court properly entered default judgment for one-half the amount of a check as a "sum certain"). Pursuant to Federal Rule of Civil Procedure 54(d), Plaintiff is also entitled to recoup $600 for court fees and for the cost of serving the complaint. [Dkt. 14, Ex. A].

Finally, while Plaintiff requested attorney's fees and interest in its complaint, it did not make these requests in its motion for default judgment and has not otherwise demonstrated its entitlement to either fees or interest, and if so, in what amounts. [Dkt. 1 at 8]. Therefore, the

---

[1] A plaintiff may recover for unjust enrichment under District of Columbia law when: "(1) the plaintiff conferred a benefit on the defendant; (2) the defendant retains the benefit; and (3) under the circumstances, the defendant's retention of the benefit is unjust." *Whiting v. AARP*, 701 F. Supp. 2d 21, 31 (D.D.C. 2010) (quoting *News World Commc'ns, Inc. v. Thompsen*, 878 A.2d 1218, 1222 (D.C. 2005)). To establish conversion a plaintiff must show that the defendant participated in "(1) an unlawful exercise, (2) of ownership, dominion, or control, (3) over the personal property of another, (4) in denial or repudiation of that person's rights thereto." *Gov't of Rwanda v. Rwanda Working Grp.,* 227 F. Supp. 2d 45, 62 (D.D.C. 2002). Plaintiff pleads sufficient facts to make out a violation of both unjust enrichment and conversion under District of Columbia law. [Dkt. 1, ¶¶ 38, 46].

Plaintiff also contends Defendant violated the FEGLIA, which mandates that FEGLIA insurance proceeds be paid to the appropriate beneficiary designated by the insured. *See* 5 U.S.C. § 8705(a). However, while it is certainly true that where a beneficiary has been duly named, the insurance proceeds she is owed under FEGLIA cannot be allocated to another person, *Hillman v. Maretta*, 569 U.S. 483, 497 (2013), it is unclear whether the FEGLIA itself creates a federal cause of action for the recovery of inadvertently paid insurance proceeds. *See Herrera v. Metro. Life Ins. Co.*, No. 11 CIV. 1901 LAK, 2011 WL 6415058, at *4 (S.D.N.Y. Dec. 19, 2011) (noting "FEGLIA does not create federal remedies" and construing plaintiff's claim that MetLife paid FEGLIA proceeds to the wrong beneficiary as a federal common law breach of contract claim). This Court need not resolve that issue in this case, as Defendant's liability has been established with respect to the state common law claims of unjust enrichment and conversion.

undersigned recommends Plaintiff's motion be denied without prejudice as to any request for attorney's fees and interest. *Friends Christian High Sch. v. Geneva Fin. Consultants*, 309 F.R.D. 38, 41 (D.D.C. 2015) (denying without prejudice demand for costs where plaintiff "has not submitted any evidence to establish the amount of those costs").

For the foregoing reasons, the undersigned **RECOMMENDS** that this Court **GRANT** Plaintiff's request that default judgment be entered against Defendant in the amount of $26,628.85.

\*    \*    \*    \*    \*

The parties are hereby advised that under the provisions of Local Rule 72.3(b) of the United States District Court for the District of Columbia, any party who objects to the Report and Recommendation must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the report and/or recommendation to which objection is made, and the basis for such objections. The parties are further advised that failure to file timely objections to the findings and recommendations set forth in this report may waive their right of appeal from an order of the District Court that adopts such findings and recommendations. *See Thomas v. Arn*, 474 U.S. 140 (1985).

Date: July 24, 2018

                                                                                                                      _____
G. MICHAEL HARVEY
United States Magistrate Judge